FILED
SUPERIOR COURT
OF GUAM

2026 MAY -6 PM 4: 32

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| L.A., a person with a disability by and through her parent, and G.D., a minor person with a disability by and through his parent, | CIVIL CASE NO. <u>CV0464-23</u> |
| Plaintiffs, | **DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING APPEAL** |
| vs. | |
| KENNETH ERIK SWANSON, Ph.D., in his official capacity as Superintendent, Guam Department of Education, et al., | |
| Defendants. | |

Defendants, Guam Department of Education's Superintendent and Board members (GDOE), move the Court to stay enforcement of the August 18, 2025 Judgment pending resolution of GDOE's appeal before the Guam Supreme Court. The Court concludes that a stay is unwarranted and therefore DENIES GDOE's Motion.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In its August 18, 2025 Judgment, the Court issued declaratory relief against GDOE and in favor of Plaintiffs L.A. and G.D. relative to violation of the Every Child is Entitled to an Adequate Public Education Act (Adequate Education Act), while also dismissing other claims brought by other plaintiffs. GDOE appealed the Judgment to the Guam Supreme Court, and now moves to stay enforcement of the Judgment. Not. Appeal (Sep. 17, 2025); Def.'s Mot. to Stay (Oct. 24, 2025).

Notably, simultaneously with its consideration of this Motion to Stay, the Court also considered L.A. and G.D.'s motion seeking attorney's fees. The Court recently granted that



ORIGINAL

motion, awarding L.A. and G.D. a fee and cost award of $292,151.35. Dec. and Order Granting

Pls.' Mot. Att'y Fees (May 1, 2026); Addendum J. (May 1, 2026).

## II. **DISCUSSION OF LAW**

This Court has the authority to stay the execution of its own judgments and does so based

on the broadly adopted balancing test by courts in civil proceedings to determine whether to stay

an order pending appeal. *Hilton v. Braunskill,* 481 U.S.770, 776 (1987). The factors considered

include: (1) whether GDOE has made a strong showing that it is likely to succeed on the merits;

(2) whether GDOE will be irreparably injured absent a stay; (3) whether issuance of a stay will

substantially injure Plaintiffs; and (4) where the public interest lies.

### A. **GDOE makes no strong showing of success on appeal.**

Courts identify several ways to explain the likelihood of success on the merits, such as

raising "serious legal questions," showing a "reasonable probability" or "fair prospect" of

reversal, or demonstrating a "strong likelihood of success." *See Maharaj v. Ashcroft,* 295 F.3d

963 (9th Cir. 2002); *Hollingsworth v. Perry,* 558 U.S. 183, 190 (2010); *Hilton,* 481 U.S. at 778.

The Ninth Circuit distills this further: "the idea is that in order to justify a stay, a petitioner must

show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez v.*

*Holder,* 640 F.3d 962, 968 (9th Cir. 2011).

According to the Motion to Stay, a major portion of GDOE's appeal concerns standing.[1]

The Court need not revisit standing at length, as prior Decisions have expounded on this issue,

---

1 GDOE contends the Court changed its mind on this issue—a position GDOE expressed in earlier filings and to which the Court clarified that GDOE was misinterpreting the Court's Decisions. The Court has not swayed on the issue of standing. In its Decision and Order granting GDOE's Motions to Dismiss, the Court noted that the Adequate Education Act required injunctive relief as the only type of threshold issue. Dec. & Order Granting Mots. Dismiss at 4, n.6 (Sep. 10, 2024). After that Decision, GDOE moved for summary judgment and appeared to interpret the Court's recital of 7 GCA § 12108.1 as concluding that the plaintiff could not obtain

ORIGINAL

including its most recent Decision regarding attorney's fees. Collectively, the Court's Decisions determine that Plaintiffs met the threshold requirement in 7 GCA § 12108.1 by bringing a claim to enjoin GDOE's alleged failure to provide an adequate public education. While section 12108.1 requires an injunctive claim and bars money damages, it does not bar the Court from deciding related equitable claims brought in the same case. L.A. and G.D.'s requests for declaratory relief therefore did not defeat standing because those claims accompanied the statutory injunctive claim and arose from the same alleged denial of an adequate public education.

GDOE raises no serious legal questions nor do they show a fair prospect of reversal. While GDOE rightly deems declaratory relief significant to parents, students, and government, that consideration pertains to public interest, not this factor. Having rendered its Judgment upon studied analysis, the Court views GDOE's argument as unconvincing to justify a stay. The first factor thus fails.

**B. GDOE demonstrates no irreparable harm.**

"Irreparable harm is not assumed; it must be demonstrated." *HongKong & Shanghai Banking Corp., Ltd. v. Kallingal*, 2005 Guam 13 ¶ 22 (quoting *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6 (1st Cir. 1991)). GDOE asserts that attorneys' fees and costs are at stake,

---

any additional form of relief, thereby depleting their standing. Def.'s Opp'n Cross Mot. Summ. J. at 9 (Nov. 22, 2024). The Court clarified its position in its May 6, 2025 Decision and Order on the motions for summary judgment, where it granted two claims for declaratory relief. Therein, the Court recognized GDOE's incorrect interpretation of its September 10, 2024 Decision's footnote and stated: "The Court takes this opportunity to clarify its previous statement. Footnote 6 was specific that injunctive relief, but not damages, was available for prevailing students. It did not rule out declaratory relief." Dec. & Order re Summ. J. Mots. at 10 (May 6, 2025). A continued mischaracterization of the Court's rulings may, at some point, subject GDOE to sanctions.

with duplicated efforts on appeal. This assertion fails, though, as the Court considers the award

of attorney's fees and costs to be an issue separate from the Judgment, and limits this Decision

just to the Judgment. GDOE therefore establishes no irreparable harm.

## C. Balance of hardships does not favor GDOE or Plaintiffs.

This factor assesses relative burdens upon granting or denying a stay. In *Paeste v.*

*Government of Guam*, plaintiffs contested selectively and negligently delayed tax refunds (via

the Guam Territorial Income Tax, or "GTIT") as Organic Act violations. 2013 WL 11241271 (D.

Guam 2013). In finding the plaintiffs were entitled to declaratory relief and a permanent

injunction, the court said,

> [T]he balance of hardships also weighs in favor of injunctive relief,
> as the relief contemplated requires no more of the Defendants than
> what the law already requires, and the alternative would be to
> continue to subject the members of the class to the unlawful
> practices that have already persisted for decades.

*Id.* at ¶ 37.

GDOE accurately observes that Plaintiffs suffer no acute harm from a stay because

school conditions are resolved and Plaintiffs no longer attend the schools. But GDOE does not

suffer hardships either. GDOE seeks to vacate the Adequate Education Act violations via appeal,

yet, as in *Paeste*, this imposes no burden beyond statutory duties and attorneys' fees. *Id.* Any

other hardship, including reputational impact, is insufficient to tip the scales. And while a stay

inflicts no acute hardship on Plaintiffs now, it risks new or ongoing educational failures affecting

them or others. The equities balance evenly.

## D. Public interest supports denial of the stay.

Public interest favors denial. As *Paeste* observed, "The public has an interest in the

lawful administration of the GTIT as indicated by the Guam legislature's two attempts to compel

ORIGINAL

the Government.... through the passage of legislation." *Id.* at ¶ 38. Guam's legislature enacted the Adequate Education Act to enable swift student redress. GDOE correctly emphasizes public need for clarity on the Act's scope; the Court thus examines two scenarios.

On one hand, granting the stay suspends this Court's Judgment, including findings of GDOE's critical failures to provide certified special education teachers and healthful learning environments, for as long as the case is on appeal. This elevates GDOE's litigation interests over students' uncertain remedies, fostering a chilling effect on claims. On the other hand, denying the Stay permits the Judgment to proceed (absent reversal), preserves the Act's mechanisms, and compels GDOE's immediate and continued accountability. Public interest thus demands denial to avert such chilling.

## III. CONCLUSION

For the foregoing reasons, the Court finds that GDOE fails to satisfy any prong of the four-factor balancing test. Likelihood of success on appeal remains low, no irreparable harm exists, the balance of hardships stands even, and public interest strongly favors denial to uphold the Adequate Education Act's remedial purpose. The Court therefore DENIES GDOE's Motion to Stay the Judgment. This Order addresses only the enforcement of the August 18, 2025 Judgment and does not apply to the May 1, 2026 attorney fee and cost award. Execution of the Judgment may proceed unless otherwise ordered by the Guam Supreme Court.

**SO ORDERED, 6 May 2026.**

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**


ORIGINAL

Appearing Attorneys:
Daniel S. Somerfleck, Esq., and Philip Tydingco, Esq., Guam Legal Service Corporation, for
        Plaintiffs
Jesse Nasis, Esq., Matthew E. Wolff, Esq., and Gloria L. Rudolph, Esq., Guam Department of
        Education, for Defendants

ORIGINAL